# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Richmond Division

| | |
|---|---|
| **IN RE SPENCER ANTHONY PETERS,** ) | **Case No.: 3:08CR31** |
| ) | |
| **Petitioner.** ) | |
| ) | |
| ) | |

## AMENDED MOTION TO UNSEAL PRE-SENTENCE REPORT FILED UNDER SEAL IN THE CASE OF *UNITED STATES OF AMERICA v. FOLUKAE DOVE* IN CASE NO. 3:08CR31

COMES NOW Your Petitioner, by counsel, pursuant to the First Amendment to the United States Constitution, and respectfully requests this Court enter and Order directing that the criminal history and sentencing guideline portions of the pre-sentence report filed under seal in the case of *United States of America v. Folukae Dove* be released to the Petitioner. As grounds for this Motion, the Petitioner states as follows:

1.  The above referenced case is a case currently pending in the U.S. District Court for the Eastern District of Virginia.

2.  Upon information and belief, a pre-sentence report and/or sentencing guidelines were prepared and filed under seal by an officer with the United States Probation Office in this case prior to the sentencing of Folukae Dove.

3. Upon information and belief, other documents and/or motions were filed under seal in this case that outline Folukae Dove's criminal history and criminal conduct as it relates to the charge currently pending in this Court.

4. On February 8, 2008, Folukae Dove was sentenced in this Court for a term of incarcerations of 480 months.

5. The First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases. In Re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986).

6. Further, the Petitioner has criminal charges pending in the Circuit Court for the City of Richmond, and Folukae Dove is scheduled to testify on behalf of the Commonwealth of Virginia at the trial of those matters.

7. Upon information and belief, the documents filed under seal provide information of an exculpatory nature to the Petitioner. Also, the documents filed under seal provide information upon which the Petitioner could use to impeach the credibility of Folukae Dove at the trial of the Petitioner's charges in state court.

## ARGUMENT

The First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases. In Re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). Specifically in that case, this Court held that criminal proceedings may be closed to the public without violating First Amendment rights only if (1) closure serves a compelling interest; (2) there is a "substantial probability" that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest. Id, at 391 quoting Press-Enterprise II, 478 U.S. 1, 106 S.Ct. 2735, 92 L. Ed. 1 (1986). This Court also held that this three-part constitutional analysis is required and that the trial court may not base its decision on conclusory statements

alone, but must make specific factual findings. *See* <u>In Re Washington Post</u>. It would appear from the holding in <u>In Re Washington Post</u>, that if the First Amendment right of access applies to documents filed in connection with pleas hearings and sentencing hearings in criminal cases, then a pre-sentence report is the very document to which the First Amendment right of access would apply. Therefore, the standard applicable to the unsealing of pre-sentence reports is the standard applicable to the types of documents filed in <u>In Re Washington Post</u> and therefore are subject to the same constitutional scrutiny.

In the present case, the requested portions of the pre-sentence report should be unsealed. Defendants have no expectation of confidentiality in their criminal history or their sentencing guidelines. The public right of access requires that the public have information regarding the basis upon which a criminal defendant was sentenced. Without a particularized showing that there is a compelling interest in keeping the aforementioned materials sealed, the information should be unsealed.

WHEREFORE, the Petitioner respectfully requests this Court enter an Order directing that the criminal history and sentencing guideline portions of the pre-sentence report filed under seal in the case of *United States of America v. Folukae Dove* be released to the Petitioner and or his attorney.

Respectfully Requested,

FOLUKAE DOVE

By:

_____/s/_____
Horace F. Hunter, Esq.
VSB # 44186
Hunter & Lipton LLP
217 East Clay Street
Richmond, VA 23219
(804) 780-1235

(804) 780-2355 fax  
hhunter@hunterlipton.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2008, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system who will then send a notification of

such filing (NEF) to counsel of record:

Olivia Hawkins at olivia.hawkins@usdoj.gov

David Lassiter at davidlassiterjr@cpmcast.net


                                                                                                      _____/s/_____  
                                       Horace F. Hunter, Esq.  
                                       VSB # 44186  
                                       Hunter & Lipton LLP  
                                       217 East Clay Street  
                                       Richmond, VA 23219  
                                       (804) 780-1235  
                                       (804) 780-2355 fax  
                                        hhunter@hunterlipton.com