IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr31

FOLUKAE DOVE

## MEMORANDUM OPINION

The Movant, Spencer A. Peters ("Peters"), has filed a Motion to Intervene in a closed criminal case and a Motion to Unseal the Presentence Report and Other Documents (Docket Nos. 28, 32). Through his motions, Peters seeks to have this Court unseal the presentence report ("PSR") of Folukae Dove ("Dove"), who was previously sentenced by this Court in 3:08cr31. Peters seeks access to the PSR because Dove has been identified as a witness against Peters in a pending state murder prosecution. Peters's Mot. at 2.

Peters seeks access to the PSR under the First Amendment, and states that "upon information and belief, the documents filed under seal provide information of an exculpatory nature to the Petitioner. Also, the documents filed under seal provide information upon which the Petitioner could use to impeach the credibility of Folukae Dove at the trial of the Petitioner's charges in state court." Id. The Government has opposed the motion,

1

arguing that "Peters does not identify any specific reason why he wants access to Dove's presentence report, other than a generalized assertion that 'upon information and belief' they [sic] may contain exculpatory and impeachment information." Govt's Opp. at 1.

## DISCUSSION

### I. Peters's Motion to Intervene

Although not styled as such, Peters's motion "amounted in substance to a motion to intervene." Bridges v. Dep't of Md. State Police, 441 F.3d 197, 207 (4th Cir. 2006). Motions to intervene are filed pursuant to Fed. R. Civ. P. 24. As the Fourth Circuit has noted, "a third party has standing to intervene . . . when the third party has a legally cognizable interest in the materials sought." In re Grand Jury Subpoena # 06-1, 274 Fed. Appx. 306, 310 (4th Cir. 2008). In this case, Peters has alleged a legally cognizable interest in the information contained in the PSR. Therefore, Peters's Motion to Intervene shall be granted.

### II. Peters's Motion to Unseal

Fed. R. Crim. P. Rule 32(e) relates to the disclosure of presentence reports. In general, the rule provides for the disclosure of such reports to a defendant who is the subject of the report, except for certain information and

2

recommendations that may be withheld. The rule, however, is silent about disclosure to third-parties. See id.

Nevertheless, as noted by the Supreme Court, it is well established that "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." United States DOJ v. Julian, 486 U.S. 1, 12 (1988) (collecting cases). One reason for this judicial reluctance "is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." Id. "A second reason is the need to protect the confidentiality of the information contained in the report." Id. As such, courts have typically required "some showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. Accordingly, the Fourth Circuit has held that "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976).[1]

---

[1] There is language in Figurski indicating that the district court is required to conduct an *in camera* review of the PSR to determine whether this showing has been made. 545 F.2d at 392. Pursuant to the Supreme

3

These principles, which specifically relate to third-party access to presentence reports, stand in stark contrast to the public's presumptive right of access to criminal hearings, as articulated by the Fourth Circuit in In re Washington Post, 807 F.2d 383, 388-90 (4th Cir. 1986), the case upon which Peters principally relies. As the First Circuit explained, "[t]he asserted 'criminal trial' tradition is too broad an analogy. As seen from examples such as . . . presentence reports, the mere connection of a document with a criminal case does not itself link the document to the tradition of public access." In re Boston Herald, 321 F.3d 174, 184 (1st Cir. 2003). Indeed, as courts have held, "presentence reports are *presumptively confidential* documents." Id. at 189 (emphasis added). Therefore, it is clear that Peters cannot assert a right to access Dove's presentence report on the basis of the First Amendment alone. Instead, he must make some *specific* showing of need by which disclosure "is required to meet the ends of justice."

Pursuant to the foregoing, it is clear that Peters's motion must be denied. Peters has made no specific showing of need. Rather, he has simply asserted, "upon information

---

Court's later holding in Julian, however, it is clear that it is the movant's burden to articulate facts tending to demonstrate a "special need" for the information contained in the PSR before any such *in camera* review is conducted. See 486 U.S. at 12.

4

and belief," that the documents filed under seal provide information of an "exculpatory nature . . . which the Petitioner could use to impeach the credibility" of Dove as a witness at trial. Peters's Mot. at 2. This generalized and unsupported assertion of need fails to satisfy the heightened standard for third-party access to presentence reports articulated by both the Supreme Court in Julian and the Fourth Circuit in Figurski. Therefore, Peters's Motion to Unseal must be denied.

### CONCLUSION

For the foregoing reasons, Peters's Motion to Intervene is granted and Peters's Motion to Unseal the Presentence Report and Other Documents Filed Under Seal (Docket Nos. 28, 32) is denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 4, 2008

5